IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GENERAL STAR NATIONAL<br>INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 05-0631-CV-W-HFS |
| MILLER LAW FIRM, P.C., et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM TO THE PARTIES**

The parties have reported a discovery dispute regarding a subpoena served on the law firm of Seigfreid, Bingham, Levy, Selzer & Gee P.C., which is not a party to this action. This declaratory judgment action involves the coverage of a professional liability insurance policy for errors and omissions, issued by plaintiff General Star National Insurance Company to defendant Miller Law Firm, P.C. A pivotal issue is whether the Miller firm should have disclosed on its errors and omissions insurance application a potential claim by former client Robertson Contractors, Inc. After the policy was issued, Robertson filed suit in state court against the Miller firm alleging legal malpractice. In the case at bar, General Star has retained Gregory Gerstner, a shareholder in the Seigfreid firm, as an expert witness. Gerstner's expert report concludes that a reasonably prudent attorney should have concluded that a legal malpractice claim might have been brought based on Miller's representation of Robertson, and should have disclosed that potential claim on the errors and omissions application.

In a subpoena attached to Gerstner's deposition notice and in a separate subpoena to the Seigfreid firm, the Miller firm requests documents relating to the Seigfried firm's own professional

liability insurance and claims issues. The disputed requests include: all professional liability insurance applications and related documents completed or prepared by the Seigfreid firm during the last five years; all professional liability insurance policies issued to the Seigfreid firm during the last five years; and all documents regarding any bar complaints, grievances, errors and omissions claims, or lawsuits against Gerstner or any other attorney at the Seigfreid firm during the last five years.

The court has reviewed the faxed submissions of the Miller firm and the Seigfried firm dated September 28, 2006. The Miller firm contends that the requested documents "are vital to test the credibility of Gerstner's opinions in this case." In opposing production, the Seigfried firm argues that the requests are overly broad, irrelevant and unduly burdensome. The court concludes that discovery requests are overly broad as drafted. Therefore, the Seigfreid firm will not be required to produce the documents requested by the subpoenas. If the Miller firm could show that Gerstner was personally involved in completing the Seigfreid firm's professional liability insurance applications and related documents during the relevant time frame, that might be grounds for discovery for purposes of impeachment. Presumably the activities of the witness and his knowledge of problem areas disclosed or not disclosed can be handled initially by deposition. In the absence of such a showing, though, the Miller firm is not entitled to the documents it requests.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

October 3, 2006
Kansas City, Missouri